IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN PAPER OPTICS, LLC, | ) |
|    Plaintiff, | ) |
| v. | ) No. 2:23-cv-02107-SHL-atc |
| HOWARD ALAN ZIMMERMAN d/b/a LUNAWEB, and ENOM, LLC, | ) |
|    Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff American Paper Optics, LLC's ("APO") Motion for Default Judgment, (ECF No. 21), filed May 18, 2023. For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

The following facts from APO's Complaint are deemed admitted due to Defendants' default as a result of failing to answer the Complaint, (ECF No. 20). See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995).

On March 1, 2023, APO, a manufacturer and retailer of three-dimensional or "3D," eclipse-safe, holographic, and polarized optic lenses and glasses, filed its Complaint, alleging that Defendants Howard Alan Zimmerman and Enom, LLC, have infringed and continue to infringe several of APO's trademarks. (ECF No. 1.) Specifically, APO alleges that, beginning in 2005, it hired Zimmerman to purchase internet domain names at APO's direction, register domain names to APO, and re-register the domain names when appropriate. (Id. at PageID 6-7.) Some of these domain names, including 3dglassesonline.com, eclipseglasses.com, the3dmarket.com, holidayspecs.com, are identical to some of APO's trademarks, and it has used

them all in connection with its business of manufacturing and selling specialty glasses since at least April 2015.  (Id. at PageID 3-4.)  Other domain names directly link users to one of the aforementioned websites located at domain names identical to APO's trademarks, including: 20for24.com, 2024dallaseclipse.com, 2024clevelandeclipse.com, 2024littlerockeclipse.com, 2024indianapoliseclipse.com, 2024buffaloeclipse.com, 2024montrealeclipse.com, 2024eclipsesafety.com, eclipseglassessafety.com, 3dglassesonline.net, solarsnapeclipseapp.com, solarsnapapp.com, chromadepth3d.com, 3dglassesonline.org, 3dmarket.com, americanpaperoptics.com, safeeclipseglasses.com, truevue3d.com, customereclipseglasses.com, eclipseguys.com, safesolareclipseglasses.com, and plastic3d.com.  (Id. at PageID 5.)

In or about April 2022, APO ended its business relationship with Zimmerman and hired World Spice, a technology company that offers domain name registration services, to take over the domain name hosting that Zimmerman previously provided for APO.  (Id. at PageID 7.)  APO learned from World Spice that Zimmerman had secretly registered APO's domain names in his own name with a domain name registrar Enom.  (Id. at PageID 8.)  As a result of Zimmerman's registration and use of the domain names, APO cannot access, transfer, recover, or assert any control over the websites located at the domain names.  (Id.)  Zimmerman told Enom that he set up control in this manner because of a "billing issue," which APO asserts is an "attempt to extort Plaintiff by holding its domain names hostage."  (Id.)

Zimmerman has failed to properly maintain the domain names at issue in several ways, including allowing the registration for the domain name holidayspecs.com to expire, causing the website located at this domain name to be inoperable until APO convinced Enom to perform an "emergency renewal" at APO's cost.  He also allowed the registration for the domain name eclipseglasses.com to expire, causing the website located at that domain name to go down and

costing APO revenue it would otherwise have gained from customer orders placed at this website. (Id. at PageID 9.)

APO's Complaint includes five claims: (1) unfair competition, in violation of § 43(a) of the Lanham Act, (2) cybersquatting, in violation of the Anti-Cybersquatting Consumer Protection Act, (3) trademark dilution, in violation of § 43(c) of the Lanham Act, (4) common law unfair competition, and (5) common law conversion and trespass to chattels. APO asserts that it is entitled to monetary damages, injunctive relief, attorneys' fees and costs, and prejudgment and post-judgment interest.

Defendants Zimmerman and Enom were served on March 28, 2023, and March 30, 2023, respectively. (ECF Nos. 12, 14.) Neither Defendant answered or otherwise responded to the Complaint. The Court entered default as to both Defendants on May 18, 2023. (ECF No. 20.)

APO now seeks a default judgment. Specifically, it seeks:

(1) an order requiring Defendants to immediately transfer to APO all of its domain names currently registered under Zimmerman's name, with domain registrar Enom;

(2) a permanent injunction restraining Zimmerman, and anyone acting on his behalf, from registering, re-registering, or using (a) any of APO's marks or domains, (b) any name, designation, or mark that is confusingly similar to any of APO's marks, (c) any name, designation, or mark that is likely to cause dilution of the distinctiveness or fame of any of APO's marks, or (d) any other name, designation, or mark that is likely to deceive or cause a mistake in the mind of the public or specialty glasses industry that Defendants' actions are in any way associated with, attributable to, or related to APO, its business, or its products and services;

(3) a permanent injunction prohibiting Zimmerman, or anyone acting on his behalf, from (a) doing anything with or to the registration of APO's internet domain names that would cause

APO's websites to be unable to be accessed by the public, or result in the removal of any of the domain names identical to APO's marks from the internet, (b) transferring ownership of any of the domain names listed above to anyone other than APO, (c) altering in any way the current contents of any of the websites located at any of the domain names identical to APO's marks, and (d) doing anything that would cause a change in the current status quo of any of APO's marks;

      (4) an order directing Enom, or any affiliated or associated entity, to transfer the domain names identical to APO's marks to APO;

      (5) an order directing Zimmerman, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve on APO's counsel within thirty (30) days of entry of an injunction a report in writing and made under oath setting forth in detail the manner and form in which he has complied with such injunction;

      (6) statutory damages pursuant to 15 U.S.C. § 1117(d) of $ 5,000 per domain name for each of APO's domain names that Zimmerman unlawfully registered or used totaling not more than $135,000;

      (7) attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

      (8) prejudgment and post-judgment interest in the highest amount permitted by law; and

      (9) any such additional relief the Court deems appropriate.

## **STANDARD**

If a defendant fails to plead or otherwise defend, and that failure is shown, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Following entry of default, if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—with an affidavit showing the amount due—must enter judgment for that amount and costs. Id. at

55(b)(1). In all other cases, the plaintiff must seek a default judgment from the court by motion. Id. at 55(b)(2). The court assesses the appropriate way to determine the judgment. See id.

Where the court is to determine damages, it considers the well-pleaded factual allegations in the complaint regarding liability as admitted, but damages must still be shown. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995). Specifically, although the factual allegations in the complaint are admitted, the Court must still determine "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). The standard to be applied is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing Wooten v. McDonald Transit Assocs., Inc., 775 F.3d 689, 695 (5th Cir. 2015)). Default judgment should be denied where a complaint fails to state a claim. Harrison v. Bailey, 107 F.3d 870, at *1 (6th Cir. 1997) (unpublished table decision) ("Default judgments would not have been proper due to the failure to state a claim against these defendants."). It is a plaintiff's burden to show that his well-pleaded factual allegations admitted by a defaulting defendant establish liability for each cause of action asserted for which the plaintiff seeks default judgment. Nat'l Auto Grp., Inc. v. Van Devere, Inc., No. 5:20-cv-2543, 2021 WL 1857143, at *4 (N.D. Ohio May 10, 2021) (collecting cases in support of this proposition).

## **ANALYSIS**

In meeting its burden of demonstrating that its factual allegations are sufficient to properly state each of its claims, APO cannot simply assert that it is entitled to default judgment because Defendants have defaulted. Yet, that is exactly what APO has done. Instead, APO must

demonstrate that the admitted facts support its claims for damages, relying on the operative case law, to support its request for a default judgment.

Moreover, based on the allegations here and the law, it is not clear that Enom is actually accused of any wrongdoing. The Complaint alleges that Enom is a domain registrar through which Zimmerman purchased the domain names at issue. A domain registrar is an organization that sells domain names. See Bird v. Parsons, 289 F.3d 865, 870 (6th Cir. 2002). Registrars "do[ ] not assign domain names; rather, users create and choose any available . . . domain name." See Lockheed Martin Corp. v. Network Solutions, Inc., 141 F. Supp. 2d 648, 651 (N.D. Tex. 2001). Registrars "do[ ] not make an independent determination of an applicant's right to use a domain name." Id. Indeed, the Sixth Circuit, in addressing the question of "whether companies that operate as Internet domain-name registrars . . . can be liable for infringement or unfair competition if a third party registers and seeks to sell a domain name that allegedly violates the rights of a trademark owner," held that they cannot. Bird, 289 F.3d at 877-79.

The only allegations against Enom in the Complaint are that it is the domain registrar for the domain names that Zimmerman registered, that it relayed information from Zimmerman to APO about the alleged "billing issue," and that it performed an "emergency renewal" of one of APO's domain names when Zimmerman allowed its registration to expire. APO seemingly does not allege that Enom had any part in Zimmerman's alleged scheme to infringe on APO's trademarks and extort APO for the return of its domain names. Thus, on its face, the admitted allegations of the Complaint involving Enom may not state a claim against that Defendant.

The Motion is **DENIED WITHOUT PREJUDICE**.  If APO wishes to file another motion for default judgment, it must include sufficient authority to establish that it is entitled to the relief sought.

**IT IS SO ORDERED**, this 15th day of June, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
