**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

AMERICAN PAPER OPTICS, LLC,

      Plaintiff,

v.

HOWARD ALAN ZIMMERMAN d/b/a
Lunaweb, and ENOM, LLC,

      Defendants.

Civil Action No. 23-cv-2107
Jury Demanded

---

### PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

---

**COMES NOW**, the Plaintiff American Paper Optics, LLC ("Plaintiff"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, and this Court's June 15, 2023 Order Denying Without Prejudice Plaintiff's Motion for Default Judgment, and this Court's July 25, 2023 Order to Show Cause, by and through counsel, and hereby moves this Honorable Court to award a default judgment against Defendant Howard Alan Zimmerman ("Zimmerman") and Defendant Enom, LLC ("Enom") specifically as set forth herein and to the following extent:

1. Grant a permanent injunction against Zimmerman requiring that he immediately transfer to Plaintiff all of Plaintiff's domain names currently registered under Zimmerman's name, with domain registrar Enom.  The list of domain names includes:

   3dglassesonline.com

   eclipseglasses.com

   the3dmarket.com

   holidayspecs.com

-2-

chromatek.com

20for24.com

2024dallaseclipse.com

2024clevelandeclipse.com

2024littlerockeclipse.com

2024indianapoliseclipse.com

2024buffaloeclipse.com

2024montrealeclipse.com

2024eclipsesafety.com

eclipseglassessafety.com

3dglassesonline.net

solarsnapeclipseapp.com

solarsnapapp.com

chromadepth3d.com

3dglassesonline.org

3d-market.com

americanpaperoptics.com

safeeclipseglasses.com

truevue3d.com

customeclipseglasses.com

eclipseguys.com

safesolareclipseglasses.com

plastic3d.com

2.  Grant a permanent injunction restraining Zimmerman, and anyone acting on his behalf (including Lunaweb), from registering, re-registering, or using (a) any of Plaintiff's Marks or the above-listed domains; (b) any name, designation, or mark that is confusingly similar to any of Plaintiff's Marks; (c) any name, designation, or mark that is likely to cause dilution of the distinctiveness or fame of any of Plaintiff's Marks or cause injury to Plaintiff's business; or (d) any other name, designation, or mark that is likely to deceive or cause a mistake in the mind of the public or specialty glasses industry that Zimmerman's actions are in any way associated with, attributable to, or related to Plaintiff, its business, or its products and services;

3.  Grant a permanent injunction prohibiting Zimmerman, or anyone acting on his behalf (including Lunaweb), from (a) doing anything with or to the registration of the internet domain names listed above or identical to Plaintiff's Marks that would cause the Plaintiff's websites to be unable to be accessed by the public, or result in the removal of any of the domain names identical to Plaintiff's Marks from the internet; (b) transferring ownership of any of the domain names listed above to anyone other than the Plaintiff; (c) altering in any way the current contents of any of the websites located at any of the domain names identical to Plaintiff's Marks; and (d) doing anything that would cause a change in the current status quo of any of Plaintiff's Marks;

4.  Order Defendant Enom, or any affiliated or associated entity, to effectuate the transfer to Plaintiff of the domain names identical to Plaintiff's Marks, in accordance with this Court's factual findings that Zimmerman *inter alia* cybersquatted upon Plaintiff's domains;

5.  Order Zimmerman, pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within thirty (30) days of the issuance of an

injunction, a report in writing and made under oath setting forth in detail the manner and form in which Zimmerman has complied with such injunction;

6. Order Zimmerman to pay statutory damages pursuant to 15 U.S.C. § 1117(d) of $5,000 per domain name for each of Plaintiff's domain names that Zimmerman unlawfully registered or used, totaling not more than $135,000;

7. Order Zimmerman to pay Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

8. Order Zimmerman to pay prejudgment and post-judgment interest, as appropriate, in the highest amount permitted by law; and

9. Award any such additional relief this Court deems appropriate.

WHEREFORE, premises considered and good caused having been shown, this Court should enter an Order of Default Judgment in favor of Plaintiff American Paper Optics, LLC.

Respectfully submitted,

**EVANS PETREE PC**

s/Clay Culpepper
L. Clayton Culpepper (TN 23583)
Michael R. Marshall (TN 15225)
Logan A. Klauss (TN 34311)
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
cculpepper@evanspetree.com
mmarshall@evanspetree.com
lklauss@evanspetree.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.  All other parties will be served by regular mail.

Howard Alan Zimmerman
1028 Cresthaven Road #203
Memphis, Tennessee 38119

Enom, LLC c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

s/L. Clayton Culpepper