IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN PAPER OPTICS, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>HOWARD ALAN ZIMMERMAN d/b/a  )<br>LUNAWEB, and ENOM, LLC,  )<br>)<br>Defendants.  | Case No. 2:23-cv-02107-JPM-atc |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AND DIRECTING GPLAINTIFF TO FILE A THIRD MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff American Paper Optics, LLC's ("APO") Renewed Motion for Default Judgment, (ECF No. 25), filed on July 28, 2023. The Court denied APO's first Motion for Default Judgment (ECF No. 21) because APO failed to explain why the allegations in its Complaint, which are admitted by Defendants by way of their default, give rise to a cause of action. In the first Motion for Default Judgment, APO only asserted that it was entitled to default judgment because Defendants defaulted. (See ECF Nos. 21, 22.) APO's Renewed Motion for Default Judgment provides little clarity and still fails to carry its burden of showing that it is entitled to default judgment on all counts. Therefore, for the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

I. **BACKGROUND**

The following facts from APO's Complaint are deemed admitted due to Defendants default as a result of failing to answer the Complaint. (ECF No. 20); See <u>Antoine v. Atlas Turner, Inc.</u>, 66 F.3d 105, 110-11 (6th Cir. 1995).

On March 1, 2023, APO, a manufacturer and retailer of three-dimensional or "3D" eclipse-safe, holographic, and polarized optic lenses and glasses, filed it Complaint, alleging that Howard Alan Zimmerman ("Zimmerman") and Enom, LLC ("Enom") have infringed on and continue to infringe on several of APO's trademarks. (ECF No. 1.)

APO further alleged that it has registered with the USPTO several trademarks relevant to this case, including: The Eclipser, for eclipse glasses; ChromaDepth, for optical lenses and eyeglasses for providing three-dimensional images; C3D, for optical lenses and eyeglasses for providing three-dimensional images; and Holospex, for novelty items in the nature of eyeglasses with a diffraction effect. (<u>Id.</u> at PageID 6.) APO also alleges that it has used the following seemingly unregistered trademarks for varying amounts of time: 3dglassesonline.com, since March 2003; eclipseglasses.com, since April; 2015; the3dmarket.com, since January 2005; and holidayspecs.com, since January 2007. (<u>Id.</u> at PageID 3-4.)

APO alleges that, beginning in 2005, it hired Zimmerman to purchase internet domain names at APO's direction, register domain names to APO, and re-register the domain names when appropriate. (<u>Id.</u> at PageID 6-7.) The full list of these domain names includes: 3dglassesonline.com; eclipseglasses.com; the3dmarket.com; holidayspecs.com; chromatek.com; 20for24.com; 2024dallaseclipse.com; 2024clevlandeclipse.com; 2024littlerockeclipse.com; 2024indianapoliseclipse.com; 2024buffaloeclipse.com;

2024montrealeclipse.com; 2024eclipsesafety.com; eclipseglassessafety.com; 3dglassesonline.net; solarsnapeclipseapp.com; solarsnapapp.com; chromadepth3d.com; 3dglassesonline.org; 3d-market.com; americanpaperoptics.com; safeeclipseglasses.com; truevue3d.com; customeclipseglasses.com; eclipseguys.com; safesolareclipseglasses.com; plastic3d.com. (Id. at PageID 4-5.) Zimmerman thus registered twenty-seven domain names at APO's direction. Four of these domain names—3dglassesonline.com, eclipseglasses.com, the 3dmarket.com, and holidayspecs.com – are identical to APO's trademarks. (Id. at PageID 3-4.) The other domain names directly link users to one of the four websites located at domain names identical to APO's trademarks, or to chromatek.com. (Id. at PageID 5.)

In or about April 2022, APO ended its business relationship with Zimmerman and hired World Spice, a technology company that offers domain name registration services, to take over the domain name hosting that Zimmerman previously provided for APO. (Id. at PageID 7.) APO learned from World Spice that Zimmerman had secretly registered APO's domain names in his own name with a domain name registrar Enom. (Id. at PageID 8.) As a result of Zimmerman's registration and use of the domain names, APO cannot access, transfer, recover, or assert any control over the websites located at the domain names. (Ibid.) Zimmerman stated that he set up control in this manner because of a "billing issue," which APO asserts is an "attempt to extort Plaintiff by holding its domain names hostage." (Ibid.)

Zimmerman has failed to properly maintain the domain names at issue in several ways, including allowing the registration for the domain name holidayspecs.com to expire, causing the website located at this domain name to be inoperable until APO convinced Enom to perform an "emergency renewal" at APO's cost. (Id. at PageID 9.) Zimmerman also allowed the registration for the domain name eclipseglasses.com to expire, causing the website located at

3

the domain name to go down and costing APO revenue it would otherwise have gained from customer orders placed at this website.  (Ibid.)

APO's Complaint includes five claims: (1) unfair competition, in violation of the § 43(a) of the Lanham Act; (2) cybersquatting, in violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"); (3) trademark dilution, in violation of the § 43(c) of the Lanham Act; (4) common law unfair competition; and (5) common law conversion and trespass to chattels. (Id. at PageID 10-4.)  APO asserts that it is entitled to monetary damages, injunctive relief, attorneys' fees and costs, and prejudgment and post-judgment interest.  (Id. at PageID 14-6.)

## II.  LEGAL STANDARD

If a defendant fails to plead or otherwise defend, and that failure is shown, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  Following entry of default, if the plaintiff's claims is for a sum certain or a sum that can be made certain by computation, the clerk—with an affidavit showing the amount due—must enter judgment for that amount and costs.  Id. at 55(b)(1).  In all other cases, the plaintiff must seek a default judgment from the court by motion. Id. at 55(b)(2).  The court assesses the appropriate way to determine the judgment.  Id.

Where the court is to determine damages, it considers the well-plead factual allegations in the complaint regarding liability as admitted, but damages must still be shown.  Antoine, 66 F.3d at 110-11.  Specifically, although the factual allegations in the complaint are admitted, the Court must still determine "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).  The standard to be applied is "akin to that necessary to survive a motion to dismiss for failure to state a claim."  Surtain v.

Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir.1997)).  Default judgment should be denied where a complaint fails to state a claim.  See Harrison v. Bailey, 107 F.3d 870 (6th Cir. 1997) (unpublished table decision) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.") (quoting Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir.1992)).  It is a plaintiff's burden to show that his well-plead factual allegations admitted by a defaulting defendants establish liability for each cause of action asserted for which the plaintiff seeks defaults judgment.  Nat'l Auto Grp., Inc. v. Van Devere, Inc., 5:20-cv-2543, 2021 WL 1857143 at *4 (N.D. Ohio May 10, 2021) (collecting cases in support of this proposition).

**III.   ANALYSIS**

APO asks the Court for grant of relief based on five claims, but seemingly only argues one in the instant Motion—cybersquatting, in violation of the ACPA. (See ECF No. 25-1.) The only case law APO cites pertains to cybersquatting, the only claim as to which it argues the elements is cybersquatting, and its statutory damages calculation is based on the provision pertaining to cybersquatting. (Ibid.) APO's Motion does mention the other causes of action and remedies available, but only in a conclusory matter. (Id. at PageID 77.) As such, the Court's analysis below focuses on the ACPA claim.

"Cybersquatting involves the registration as domain names of well-known trademarks by non-trademark holders who then try to sell the names back to the trademark owners . . . This prevents the use of the domain name by the mark owners, who not infrequently have been willing to pay 'ransom' in order to get 'their names' back." Sporty's Farm L.L.C v. Sportsman's Market, Inc., 202 F.3d 489, 493 (2d Cir. 2000) (citations omitted).  A trademark owner bringing

5

a cybersquatting claim must prove: "(1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit." DaimlerChrysler v. The Net Inc., 388 F.3d 201, 204 (6th Cir. 2004) (citing Ford Motor Co. v. Catalanotte, 342 F.3d 543, 546 (6th Cir. 2003).

APO fails to argue the third element as to at least some of the domain names it requests the Court to grant a relief on. Six of the domain names that APO alleges violate the ACPA are identical to its marks. Those domain names are: 3dglassesonline.com, 3dglassesonline.net, 3dglassesonline.org[1], eclipseglasses.com, the3dmarket.com, and holidayspecs.com. APO, however, does not explain how the other domain names that link the domain names identical to its trademarks are confusingly similar to or dilutive of its marks.

The Sixth Circuit has explained that "slight differences between domain names and registered marks, such as the addition of minor generic words to the disputed domain names are irrelevant." DaimlerChrysler, 388 F.3d at 206 (citations omitted). In DaimlerChrysler, the Sixth Circuit held that the defendant's "foradodge.com" domain name was confusingly similar to the plaintiff's "DODGE" mark. Id. In a different context, in which a defendant's registered domain names were misspellings or rearrangements of plaintiff's trademarks, the Third Circuit has stated that a "reasonable interpretation of conduct covered by the phrase 'confusingly similar' is the intentional registration of domain names that are misspellings of distinctive or famous names." Shields v. Zuccarini, 254 F.3d 476, 484 (3d Cir. 2001) (holding that the defendant's domain names joescartoon.com, joecarton.com, joescartons.com,

---

[1] Differences in the "top level domain name" (i.e., .com, .net, etc.) are irrelevant. Boigris v. EWC P&T, LLC, 7 F.4th 1079, 1085-6 (11th Cir. 2021).

joescartoons.com, and cartoonjoes.com were confusingly similar to the plaintiff's trademark joecartoon.com).

Because the slight differences, such as adding a generic word to the trademark, or misspelling the trademark, are found to be confusingly similar under the ACPA, the Court finds that five additional domain names (eclipseglassessafety.com, 3d-market.com, safeeclipseglasses.com, customeclipseglasses.com, safesolareclipseglasses.com) are confusingly similar to the claimed trademark.

The differences between the remainder of the domain names at issue and the APO's marks, however, seems larger than misspellings or additions of generic words. Four of the domain names at issue (20for24.com, solarsnappapp.com, americanpaperoptics.com, and chromatek.com) share no words in common with any of the APO's trademarks. The remaining twelve domain names[2] seemingly only share one word with one of APO's trademarks. For example, the domain names 2024dallaseclipse.com, 2024eclipsesafety.com, and solarsnapeclipseapp.com (amongst others) only contain the word eclipse from APO's eclipseglasses.com trademark, while lacking a portion of one of APO's trademarks. This may serve to change the meaning such that the domain names are not confusingly similar to any of the APO's trademarks. But in the absence of any argument from APO on this element of its claims, the Court cannot say whether the remaining twelve domain names are confusingly similar to any of APO's trademarks.

---

[2] These domain names include: 2024dallaseclipse.com, 2024clevelandeclipse.com, 2024clevelandeclipse.com, 2024indianapoliseclipse.com, 2024buffaloeclipse.com, 2024montrealeclipse.com, 2024eclipsesafety.com, solarsnapeclipseapp.com, chromadepth3d.com, truevue3d.com, eclipseguys.com, plastic3d.com.

The only case APO cites in the instant Motion provides no clarity.  In Jysk Bed'N Linen v. Dutta-Roy, the plaintiff, a furniture retailer that owned the trademark "By Design," contracted with the defendant to create a website under the domain name bydesignfurniture.com.  Jysk Bed'N Linen v. Dutta-Roy, 810 F.3d 767, 771-2 (11th Cir. 2015).  The defendant listed himself as the owner of the domain name and refused to transfer it to the plaintiff absent compensation.  Id.  However, the extent of the Eleventh Circuit's analysis of whether the domain name bydesignfuniture.com was confusingly similar to the plaintiff's marks was a single statement that "there is no serious dispute that *by designfurnitre.com*, *bydesignfurniture.org*, *by designfurnitures.com*, and *bydesign-furnitures.com* are identical or at least confusingly similar to Jysk's marks *bydesignfurnitre.com* and *By Design*."  Id. at 778 (emphasis in the original).  Therefore, there was no dispute in Jysk regarding the third element—the domain name was merely the plaintiff's By Design trademark combined with the word "furniture," which is generic in that context because the trademark was used for furniture.  Here, however, many of the domain names at issue are not merely one of APO's trademarks with a singular generic word added.

Thus, the Court cannot conclude, based on the evidence presented by APO at this stage, that sixteen of the twenty-seven domain names at issue violate the ACPA.

IV.    **CONCLUSION**

APO has failed to explain to the Court how sixteen of the domain names at issue violate the ACPA.  These domain names include: chromatek.com, 20for24.com 2024dallaseclipse.com, 2024clevelandeclipse.com, 2024clevelandeclipse.com, 2024indianapoliseclipse.com, 2024buffaloeclipse.com, 2024montrealeclipse.com, 2024eclipsesafety.com, solarsnapeclipseapp.com, solarsnapapp.com, chromadepth3d.com,

8

americanpaperoptics.com, truevue3d.com, eclipseguys.com, and plastic3d.com.  Rather than enter default judgment in a piecemeal fashion as to some domain names but not others, the instant Motion is **DENIED WITHOUT PREJUDICE**.  The Court will allow APO one final opportunity to explain how it is entitled to default judgment as to the domain listed above.  APO may file a third motion for default judgment within thirty (30) days of entry of this order.  Failure to do so may result in dismissal for failure to prosecute.  In any renewed motion, APO must explain how it is entitled to default judgment as to the sixteen domain names at issue if it still seeks such relief.  If, however, APO only seeks default judgment as to some domain names, but not others, it may explain the exact relief it seeks in that motion.  APO's motion should also explain how it is entitled to relief on its other claims in addition to its cybersquatting claim.  A failure to address those claims may result in dismissal of those claims.

**IT IS SO ORDERED**, this 23rd day of October, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE